UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARI D. BENCHOCRON,

    Plaintiff,

  -against-

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

    Defendant,

_____/

**COMPLAINT**
Case No: 17cv910
Request for Jury Trial: Yes

Plaintiff, Ari D. Benchocron, ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., and for his Complaint against the Defendant, Commonwealth Financial Systems, Inc., (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(2).

1

## I.   PARTIES IN THE COMPLAINT

5. Plaintiff, Ari D. Benchocron, is a resident of State of New York, residing at 52-03 35th Street, Apt. 2B, Long Island City, NY 11101.

6. Defendant, Commonwealth Financial Systems, Inc., is a limited liability company engaged in the act of collecting debts with its principal place of business located at 245 Main Street, Dickson City, PA 18519.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8. Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

11. Upon information and belief, Defendant began collection efforts by reporting Plaintiff's account to credit reporting agencies.

12. On or about July 8, 2016, Plaintiff contacted Defendant for the purpose of receiving information of the alleged debt shown on the accounts reporting to credit bureaus.

13. Plaintiff was connected to a male representative who identified himself as a representative of Commonwealth Financial Systems, Inc.

14. Defendant's representative and Plaintiff were able to verify Plaintiff's account.

15. Plaintiff asked Defendant's representative to provide him with information regarding the accounts shown on Plaintiff's credit report.

16. Defendant's representative stated that the balance on both accounts listed on Plaintiff's credit report as $93 and $100.

17. Defendant's representative states to Plaintiff: "If you pay the balance, they'll delete them off the monthly credit report and give you receipts of deletion by email, and it will come off your credit report within 20 business days from today if you want."

18. Plaintiff replies: "But the thing is, I'm concerned, because I thought all of that was paid off."

19. Defendant's representative replies: "These are doctor bills. So your insurance covered most of the bill, it just didn't cover the full balances, and this is the remaining balance that was placed in collections."

20. Plaintiff states: "Well, but, honestly I'm not agreeing with those numbers. I definitely would like to dispute it right now."

21. Defendant's representative claims: "You've got to dispute with the three major credit bureaus. It has nothing to do with us. Do you have a reason for the dispute? What's your reason?"

22. Plaintiff replies: "My reason is because I am not agreeing with that…"

23. Defendant's representative asks: "What are you not agreeing with?"

24. Plaintiff replies: "Well, I'm not agreeing the balance. Those are my odds. I mean, I had insurance."

25. Defendant's representative states: "If you had insurance, you gotta call your insurance company. That has nothing to do with us."

3

26. Plaintiff replies: "I would like to dispute it anyways. I would like to do a verbal dispute."

27. Defendant's representative claims: "You got to dispute it with the three major credit bureaus. Not us."

28. Plaintiff replies: "Okay, no problem. Thank you."

29. Defendant's representative states: "Yeah you calling the wrong people."

30. Plaintiff replies: "Okay, thank you."

31. Defendant's representative states: "This is the place where you pay the bills. Alright?"

32. Plaintiff replies: "Thank you."

33. Despite being informed that Plaintiff wished to verbally dispute the alleged debt, Defendant failed to file a dispute.

34. Defendant falsely informed Plaintiff that the alleged debt could not be disputed with the Defendant. Defendant falsely informed Plaintiff that Plaintiff must dispute the alleged debt with credit reporting agencies.

35. Even though Defendant had notice of the dispute and were unable to dispute the alleged debt after Plaintiff's request, Defendant has failed to cease collection activities.

36. Despite Plaintiffs request to dispute the alleged debt, Defendant continues to seek to collect on this account.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e – preface

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. 15 U.S.C §1692e – preface prohibits a debt collector from giving false, deceptive, or misleading representation or means in connection with the debt collection.

39. Defendant is in violation of 15 U.S.C §1692e – preface by failing to dispute the alleged debt upon Plaintiff's request.

40. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

43. Defendant is in violation of 15 U.S.C. §1692e(8) by perpetuating a deceptive and misleading representation of Plaintiff's credit status by listing Plaintiff's account with credit reporting agencies and refusing to inform these agencies that the alleged debt has been disputed. Defendant is in violation of Plaintiff's rights by failing to dispute Plaintiff's alleged debt upon Plaintiff's request.

44. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

47. Defendant is in violation of 15 U.S.C §1692e(10) by refusing to take the dispute of the alleged debt despite Plaintiff's request. Defendant is in violation of Plaintiff's rights by misinforming Plaintiff that the only way to dispute his account is to dispute it with the three major credit bureaus. Defendant is in violation of Plaintiff's rights by continuing to report to credit reporting agencies that the alleged debt has not been disputed.

48. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C §1692f – preface prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

51. Defendant is in violation of 15 U.S.C §1692f – preface by refusing to accept Plaintiff's attempt to dispute the debt. Defendant is in violation of Plaintiff's right by misinforming

Plaintiff that only a dispute with the credit reporting agencies would be necessary to dispute the alleged debt.

52. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

53. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 17, 2017

                                                  Respectfully submitted,

                                                  __s/Subhan Tariq, Esq._____
                                                  Subhan Tariq, Esq.
                                                  Attorney I.D.# ST9597
                                                  The Tariq Law Firm, PLLC
                                                  **Attorney for Plaintiff**
                                                  9052 171st Street
                                                  Jamaica Estates, NY 11432

                                                     Telephone: 516-900-4529
                                                     Email: subhan@tariqlaw.com

To:     Commonwealth Financial Systems, Inc.
        245 Maine Street
        Dickson City, PA 18519

        (*via Prescribed Service*)

        Clerk of the Court,
        United States District Court
        Eastern District of New York
        225 Cadman Plaza East
        Brooklyn, NY 11201

        (*For Filing Purposes*)